PHILIP WASSERMAN et al., Landlords, *v.* JOHNROY PROPERTIES, INC., Assignor, and RUBYMAR CORPORATION, Tenant, Assignee.

Municipal Court of the City of New York, Borough of Queens, December 27, 1951.

*Morton Wasserman* and *M. Emanuel Balt* for landlords.

*Benjamin Margolis* and *Max J. Le Boyer* for tenant, assignee.

MORRIS, J. The court finds that the landlords have failed to comply with section 233 of the Real Property Law and section 1302-a of the Penal Law and therefore converted the deposit of $6,000. The alleged placing of $6,000 in a safe deposit box in some bank in Pennsylvania was not money held in trust as required by the sections above cited. The $6,000 was not in any way " earmarked " nor was any notice of its existence and the locus of its existence given to the tenants as required by statute. It was not kept as a " trust fund ". Opening an account in a New York City bank December 10, 1951, as a " joint account " in the name of the landlords only as " joint tenants payable to either or the survivor of them " is not the creation of a " trust fund " nor is the deposit one by the landlords as trustees for the tenant. The deposit remains the money of the landlords. There is no difference here than if the security funds were put in the landlords' general account. No one can

tell that the security funds in question were deposited by the landlords as trustees for anyone. The absence of the landlord to testify was not explained. The amount as deposited in the New York bank could be withdrawn tomorrow and find its way back to Pennsylvania to again allegedly repose in a safe deposit box, the property of the landlords to do with as they see fit.

The tenant is entitled to judgment on its counterclaim or set off in the sum of $6,000 from which amount is to be deducted the sum of $1,042.59, the amount on deposit with the clerk of the court for rent due October 22, 1951, and which amount of $1,042.59 is to be paid by the clerk of the court to the landlords *only after* the tenant has received from the landlords the difference between $6,000 and $1,042.59, to wit, $4,957.41 and after the tenant or its attorney so advises the clerk of the court in writing and authorizes the said clerk of the court to pay over to the landlords or their attorney the said sum of $1,042.59.

Warrant stayed pending payment by landlords to tenant as herein directed. In the event landlords do not pay tenant the said sum of $4,957.41 within five days, the amount on deposit with the clerk of the court, to wit, $1,042.59 is to be paid to the tenant.